**STATE of Utah, Plaintiff and Respondent,**

v.

**Michael Alfonso DELMOTTE, Defendant and Appellant.**

**No. 18457.**

Supreme Court of Utah.

June 14, 1983.

Kenneth R. Brown, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Robert N. Parrish, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

This is an appeal from jury convictions for writing bad checks in violation of U.C.A., 1953, § 76–6–505. The subject checks (three in number) were issued and dishonored between August and November, 1980. The defendant, a landscaper in Park City, was placed on probation after having been sentenced to the indeterminate term provided by law.

The jury heard the following facts in support of the verdict. From the latter months in 1978 through the early months of 1981, defendant had a checking account with First Security Bank. He was told by a

bank official that the bank would not continue to honor his bad checks. Defendant was otherwise made aware of his overdrafts by his receipt of monthly statements, which were admitted in evidence over objection. The defendant admitted writing the checks, but testified he believed he had sufficient funds in his account to cover them. He claimed that at the time of the last and largest check he is charged with writing without sufficient funds, he had a third person's check in his possession, which he intended to deposit. The reason he did not deposit the check was because he learned it also would not be honored. Defendant conceded receiving the monthly statements showing the overdraft status of his bank account, and admitted that he *knew* he was overdrawn at the time he wrote the third check, with which he was charged in the information. His testimony with respect to that check was self-contradictory.

On appeal, defendant urges that the trial court erred in refusing to give his requested instruction No. 10. He contends that one's belief that he has sufficient funds in the bank is a defense to the charge, and that he was entitled to have his theory of the case presented to the jury.[1] "Knowledge" of the account's depletion is a material element in the offense charged. At trial, defendant admitted that he knew his account was overdrawn when he issued the third check. In any event, the defendant made no objection nor did he except to the court's refusal to give the instruction, and consequently the issue is not now before us.[2]

Defendant next contends that the court abused its discretion in admitting the monthly bank statements sent to defendant showing overdrafts. Defendant asserts such abuse of discretion under Rules 45 and 55, Utah Rules of Evidence. Under Rule 55, the bank statements are admissible to show "knowledge" of the overdrafts, an integral and material part of the offense charged. The trial court substantially so instructed the jury in instruction No. 5, as being the reason for such admission in evidence. This Court, in a recent case, dispositively affirmed such admissibility in a case like this,[3] when it quoted the following language:

> Any pertinent fact which throws light upon ... the accused's guilt or innocence of the crime ... charged, is admissible. Such fact is not to be excluded merely because it may also prove or tend to prove ... another similar crime. Relevant and material evidence does not become irrelevant or immaterial merely because it points to other offenses.

We believe and hold that the record justified admission of the bank statements under Rule 55, to show commission of the offense charged, and under Rule 45 because the probative effect of such evidence outweighed any prejudicial effect.

Defendant's final contention is that the court erred in failing to instruct that intent to defraud is a necessary element of a bad check charge. This claim of error is without merit, since the offense calls for no such element. Defendant argues that when the statutory language was changed in 1977, the legislature intended to retain the element as part of the offense. The omission of the element in the revised statute logically can mean nothing but that the legislature's purpose deliberately was to remove such intent as an element of the offense. The element of "knowledge" of the overdraft is now sufficient to support a conviction.

The verdicts and judgment are affirmed.

STEWART, J., concurs in the result.

---

**1.** *State v. Gillian,* 23 Utah 2d 372, 463 P.2d 811 (1970).

**2.** *State v. Valdez,* Utah, 604 P.2d 472 (1979); *State v. Pierren,* Utah, 583 P.2d 69 (1978).

**3.** *State v. Forsyth,* Utah, 641 P.2d 1172 (1982).