2007 UT 16

John A. SINDT, Petitioner,

v.

RETIREMENT BOARD, Respondent.

Salt Lake County, Intervenor.

No. 20050922.

Supreme Court of Utah.

Feb. 2, 2007.

John N. Brems, Lisa R. Petersen, Salt Lake City, for petitioner.

Daniel D. Andersen, Salt Lake City, for respondent.

Donald H. Hansen, Melanie F. Mitchell, David E. Yocum, Salt Lake City, for intervenor.

On Certification from the Utah
Court of Appeals

DURHAM, Chief Justice:

¶ 1 This case comes before us on review from a grant of summary judgment issued by the Utah State Retirement Board (the Board). Plaintiff John A. Sindt argues that the Board erred in concluding that he was not entitled to benefits from the Utah state retirement system. We reverse and remand.

## BACKGROUND

¶ 2 Mr. Sindt served as an elected constable for Salt Lake County (the County) from 1967 until 1974. He was again elected as a County constable in 1979 and served until 1986. From July 1991 to 1999, Mr. Sindt was an appointed constable for the County. He seeks state retirement benefits for these periods.

¶ 3 As a constable, Mr. Sindt performed services for the County. Those services, however, constituted only a fraction of his work, most of which was performed for private entities. Mr. Sindt was not paid a salary for his services to the County; instead, he billed the County on a fixed fee-per-service basis. The record does not contain complete tax records for Mr. Sindt going back to 1967, but the tax returns from 1987 to 1999 reveal that Mr. Sindt's business entities were paid by his clients, including the County, and Mr. Sindt received income from those entities.[1] Furthermore, from 1984 to 1987 (the only years for which records were provided to the Board), the County's payments to Mr. Sindt were reported on federal 1099 forms and used his corporate tax identification number. Thus, on the record before this court, the County has never paid Mr. Sindt as an individual. The County has never exerted control over the operation of Mr. Sindt's constable business. It never regulated or controlled his hours of operation, marketing, employees, or clientele, and the County never provided office space, supplies, or insurance to Mr. Sindt.

¶ 4 In 1999, Mr. Sindt filed a claim for participation in the Utah state retirement system. This claim was denied, and Mr. Sindt filed a request for Board action. The County intervened in this action and filed a motion for summary judgment. The Board granted the motion for summary judgment, denying Mr. Sindt's claim for retirement benefits. Mr. Sindt sought a writ of review from the court of appeals, and the court of appeals certified the case to this court. We have jurisdiction pursuant to Utah Code section 78–2–2(3)(b) (2002).

## STANDARD OF REVIEW

¶ 5 The legislature has established that the Utah State Retirement Board shall develop broad policy for the long-term operation of the various systems, plans, and

---

1. Mr. Sindt reported no salary or wages from the County during this period. His individual tax returns reflect that he reported business income from several entities over the years. From 1987 to 1991, Mr. Sindt conducted business through his company "John A. Sindt." From 1992 to 1998, he operated a business under the name "John Sindt Constable." He also reported income from S corporations from 1994 to 1999, one of which was "Constable Office, Inc." In 1991 and 1992, corporate tax returns for "Constable Office, Inc." reported "no activity," but from 1994 to 1999, this entity did report income.

programs under broad discretion and power to perform the board's policymaking functions, including the specific authority to interpret and define any provision or term under this title when the board or office provides written documentation which demonstrates that the interpretation or definition promotes uniformity in the administration of the systems or maintains the actuarial soundness of the systems, plans or programs.

Utah Code Ann. § 49–11–203(1)(k) (2002). Thus, the Board is entitled to deference at times, but the discretion granted to the Board by the legislature is limited. The legislature has granted discretion to the Board only if it "provides written documentation which demonstrates that the interpretation or definition promotes uniformity in the administration of the systems or maintains the actuarial soundness of the systems, plans or programs." *Id.* Additionally, courts will grant deference only if the Board's interpretation or definition is plausible and consistent with the plain language of the statute. In this case, the Board has not provided any documentation that its statutory interpretation promotes uniformity or actuarial soundness. Thus, the Board's decision is not entitled to deference. Absent a grant of discretion, we review the Board's application or interpretation of a statute as a question of law under the correction-of-error standard. *Morton Int'l, Inc. v. State Tax Comm'n,* 814 P.2d 581, 589 (Utah 1991). We will "grant relief only if, on the basis of the agency's record, [we] determine[] that a person seeking judicial review has been substantially prejudiced [because] … the agency has erroneously interpreted or applied the law." Utah Code Ann. § 63–46b–16(4), (4)(d) (2004).

## ANALYSIS

¶ 6 Mr. Sindt argues that he is entitled to participation in the state retirement system for all years in which he acted as an elected or appointed constable for Salt Lake County. The County, on the other hand, contends that Mr. Sindt is not entitled to any retirement benefits because during the entirety of his service, Mr. Sindt was an independent contractor. We are not fully persuaded by the position of either party. We cannot ignore the express inclusion of constables within the retirement act in effect when Mr. Sindt first became a constable. Nor can we ignore the ambiguous nature of the constable position in the category of elected and appointed officers. Accordingly, we must construe the language of the numerous acts in effect over Mr. Sindt's career to determine whether, at any given time, constables were eligible for coverage in the state retirement system.

¶ 7 In January 1967, Mr. Sindt took the official oath to become a constable for the County. At that time, the state retirement act in effect was the Utah Public Employees' Retirement Act (1965 Act), Utah Code Ann. §§ 49–1–32 to –73 (Supp.1965), *repealed by* 1967 Utah Laws ch. 106. The 1965 Act specifically included "constables" within its definition of "employee." The Act provided that employee "shall mean, also, an officer elective or appointive including constables, … who receives as compensation from an employer $30.00 or more per month." *Id.* § 49–1–34(5).

¶ 8 "Under our rules of statutory construction, we look first to the statute's plain language to determine its meaning." *Mountain Ranch Estates v. State Tax Comm'n,* 2004 UT 86, ¶ 9, 100 P.3d 1206. This court presumes "that the terms of a statute are used advisedly" by the legislature. *Bd. of Educ. v. Salt Lake County,* 659 P.2d 1030, 1035 (Utah 1983). "Therefore, effect should be given to each such word, phrase, clause, and sentence where reasonably possible." *Chris & Dick's Lumber & Hardware v. Tax Comm'n,* 791 P.2d 511, 516 (Utah 1990) (Howe, J., dissenting) (citations omitted). The explicit inclusion of "constables" in the 1965 Act reflects that the legislature recognized the ambiguity of the constable position within the realm of elected and appointed officers, prompting it to explicitly include "constables" within the definition of "employee." In the case before us, the County and the Board addressed the unique nature of constables and concluded that they

should be identified as independent contractors.[2]

¶ 9 The nature of a constable's service to a government entity, apparent in Mr. Sindt's role as a County constable, occupies a unique position, unlike that of other elected and appointed officers. For example, Mr. Sindt's billing on a fee-per-service basis, the lack of control by the County over the operation of his business, and the County's status as only one of multiple clients set constables like Mr. Sindt apart from other elected and appointed officers. Despite the distinctive nature of the constable within the framework of elected and appointed officers, however, we cannot ignore the plain language of the 1965 Act, which was in effect when Mr. Sindt began his service as County constable. In the 1965 Act, constables were explicitly eligible for participation in the public employees' retirement system.

¶ 10 Being a constable, however, did not automatically place Mr. Sindt within the definition of employee under the 1965 Act. Only constables "who receive[d] as *compensation* from an employer $30.00 or more per month" fully qualify under the definition of employee. Utah Code Ann. § 49–1–34(5) (Supp.1965) (emphasis added). "Compensation" means "the total amount of payments made *by an employer to an employee* for services rendered to the employer." *Id.* § 49–1–34(12) (emphasis added). Thus, Mr. Sindt had to be paid as an individual employee by the County in order to be included within the definition of employee under the 1965 Act. County payments for services rendered by Mr. Sindt that were made to his business or corporation do not fall within the definition of compensation. Compensation is a prerequisite to eligibility for constables in the state retirement system under the 1965 Act.[3]

¶ 11 Mr. Sindt has the burden of proving that the County indeed made payments to him, as an individual employee. If the payments were made to Mr. Sindt's businesses, as they were from 1984 to 1999,[4] then he would not be entitled to participation in the state retirement system.

¶ 12 Thus, constables are eligible for coverage in the state retirement system under the 1965 Act only if they were paid as individuals by their employer. Mr. Sindt unmistakably was an elected constable when the 1965 Act was in effect, but he still must prove that he was paid as an individual by the County to qualify for participation in the state retirement system.

¶ 13 In 1967, the legislature repealed the 1965 Act and enacted the Utah State Retirement Act (1967 Act), Utah Code Ann. §§ 49–10–1 to –55 (Supp.1967), *repealed by*

---

2. Salt Lake County Ordinance 2.50.040 identifies constables as independent contractors, as does the County's constable contract.

   The Board analyzed the relationship between the County and Mr. Sindt and concluded that he was an independent contractor because he never received a wage or salary from the County; he billed on a fee-per-service basis; he provided his own office space, supplies, equipment, vehicles, postage, stationary, and weapons; he performed his services through a corporate entity; he hired and employed his own office staff and deputies; he determined the compensation of his employees; he solely controlled the timing and manner in which his constable services were performed; he had multiple clients, only one of which was the County; he controlled billing for his services; and he had exclusive control over the assignment and delegation of constable duties within his office. Furthermore, the Board recognized that the County never regulated the marketing of Mr. Sindt's constable services; it never controlled his hours of operation or the number and identity of his clients; and it never provided Mr. Sindt insurance or other benefits.

3. Not only is "compensation" a necessary element of the definition of "employee," but it is also a prerequisite to other portions of the Act. The 1965 Act provides that "[e]ach employee who enters into *covered services* for a participating employing unit ... shall become a member of the retirement system effective upon the date of employment." Utah Code Ann. § 49–1–48(4) (1965 Supp.) (emphasis added). Thus, to become a member of the system, "covered services" must be performed. "Covered service" is defined as "service rendered to an employer for *compensation*." *Id.* § 49–1–34(7) (emphasis added). As noted in the text, "compensation" only encompasses "payments made *by an employer to an employee*." *Id.* § 49–1–34(12) (emphasis added). Thus, multiple sections of the Act require the County to pay Mr. Sindt, not his corporation or business entity, in order for him to participate in the state retirement system.

4. The record before this court contains financial records for only this limited time period and thus could not enlighten us as to his other years of service.

1987 Laws of Utah ch. 1, § 180. The new Act's definition of employee differed in one significant way regarding elected and appointed officers: the explicit reference to constables was removed. *Compare id.* § 49–10–6(6) (Supp.1967), *with id.* § 49–1–34(5) (Supp.1965). As stated above, the legislature apparently recognized the peculiar nature of the constable position when it explicitly included the position in the 1965 Act. While the legislature included elected or appointed officers generally when it revamped the state retirement system in 1967, it declined to include the term "constable." We may not ignore the legislature's decision to remove the term. "The omission of the [term] in the revised statute logically can mean nothing but that the legislature's purpose deliberately was to remove" constables from coverage in the state retirement system. *State v. Delmotte*, 665 P.2d 1314, 1315 (Utah 1983); *see also State v. Nieberger*, 2006 UT App 5, 14, 128 P.3d 1223; 1A Norman J. Singer, *Sutherland Statutory Construction* § 22.30 (6th ed. 2002) (A statutory amendment "indicates that [the legislature] intended to change the original act by creating a new right or withdrawing an existing one"; "amendment of an unambiguous statute indicates a purpose to change the law."). When the legislature deleted the term, it manifested its intent to eliminate constables from the definition of employee, removing them from eligibility for participation in the Utah state retirement system.[5]

¶ 14 Still, despite this unambiguous action on the part of the legislature, if Mr. Sindt was a member of the state retirement system under the 1965 Act, then he remained a participant under the 1967 Act because the legislature transferred all members under the 1965 Act into the new system.[6] Accordingly, Mr. Sindt's eligibility to be a member of this new system is dependent upon his transfer from the prior system. If Mr. Sindt can prove that he was paid compensation as defined by the 1965 Act and was therefore eligible for participation in the state retirement system in January 1967, then he will also be a participant of the system under the 1967 Act.

¶ 15 Mr. Sindt's initial tenure as a constable lasted from 1967 to 1974. When Mr. Sindt reentered service with the County in 1979, he was eligible for participation in the state retirement system only if he came within the definition of employee under the then-current version of the act. In 1979, the Utah State Retirement Act, Utah Code Ann. §§ 49–10–1 to –61 (1970 & Supp.1979), had been modified in some respects, but not to Mr. Sindt's benefit. The definition of employee was identical to the definition in the 1967 Act when the legislature purposefully eliminated constables from inclusion in the state retirement system. *Compare id.* § 49–10–6(6) (Supp.1967), *with id.* § 49–10–6(6) (1970). Likewise, compensation "by an employer to an employee" was still required. *Id.* § 49–10–6(6), (20) (1970). Thus, when Mr. Sindt became a constable in 1979, he had to fall within the definition of employee at that time. He did not. While covered employees working at the same time as Mr. Sindt could enter and leave their employment with the state and retain membership in the state retirement system either through redepositing funds removed from the state account or leaving funds in the state account, membership could be continued only upon reentry into state employment if reemployment was with "an employer for services covered by this act." *Id.* § 49–10–24 (1970).

---

**5.** Mr. Sindt argues that if the legislature's intent was to exclude constables from coverage under the 1967 Act, it would have listed them in Utah Code section 49–10–14 (Supp.1967). That section, however, is inapplicable as its purpose was to exclude non-career employees from coverage as well as employees receiving contributions toward the Teachers' Insurance and Annuity Association of America rather than the state retirement system. Moreover, Mr. Sindt's argument ignores the presumed purposeful decision of the legislature to remove constables from the definition of employee after its earlier explicit inclusion.

**6.** Utah Code section 49–10–5 (Supp.1967) provides, "[A]ll members of the Utah public employees' retirement system, ... together with the credit for creditable service rendered up to the effective date of this act and standing to their credit as of June 30, 1967, are hereby transferred to membership status with the same service credit in the Utah state retirement system created by this act."

As noted above, after 1967, constable services were no longer within the realm of services covered by the Act. This same analysis holds true for Mr. Sindt's reentry into service with the County in July 1991 as an appointed constable. *See id.* § 49–2–103(1)(a), (3)(a) (1989 & Supp.1991).

¶ 16 Accordingly, Mr. Sindt was eligible to be a participant in the state retirement system only from January 1967, when he became a County constable, through 1974, when he failed to be reelected. He is not eligible during any other time period. Furthermore, his eligibility rests on his ability to prove that payments were made by the County to him as an individual between 1967 and 1974.

¶ 17 Finally, if Mr. Sindt is successful in proving that he is entitled to participation in the state retirement system because he meets the definition of employee under the 1965 Act, we leave to the Board the determination of whether the County or Mr. Sindt or both are required to make up past contributions to the state retirement system that were not made during the years 1967 to 1974.

### CONCLUSION

¶ 18 We hold that constables were eligible for participation in the state retirement system under the 1965 Act if they received "compensation," as defined in the Act. However, constables are no longer included within the definition of employee under the post–1965 acts. Accordingly, unless a constable was transferred into the new system when the statutory scheme was reorganized in 1967, he or she is not eligible to participate in the state retirement system. Because the record does not provide information as to whether the County paid Mr. Sindt individually or if it instead paid a business entity, we cannot determine whether Mr. Sindt is entitled to participation in the state retirement system from 1967 to 1974. Thus, we reverse the Board's grant of summary judgment and remand the case to determine whether Mr. Sindt is entitled to benefits for his service as a County constable between 1967 and 1974.

¶ 19 Associate Chief Justice WILKINS, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM's opinion.