**2015 UT App 232**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
TROY ANDREW SANISLO,
Appellant.

Memorandum Decision
No. 20131123-CA
Filed September 11, 2015

Third District Court, Salt Lake Department
The Honorable Robin W. Reese
No. 111909249

John B. Plimpton, Alexandra S. McCallum, and Neal
G. Hamilton, Attorneys for Appellant

Sean D. Reyes and Jeanne B. Inouye, Attorneys
for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGES JAMES Z. DAVIS and STEPHEN L. ROTH
concurred.

VOROS, Judge:

¶1     Troy Andrew Sanislo was charged with third degree
felony aggravated assault for an incident occurring in December
2011. The jury acquitted Sanislo of aggravated assault but
convicted him of the lesser included offense of class B
misdemeanor assault. For reasons explained below—and that
are not challenged on appeal—after the jury returned its verdict,
the trial court entered a conviction for class A misdemeanor
assault. Sanislo appeals that conviction. We affirm.

¶2     At trial, the State requested a jury instruction for class A
misdemeanor assault on the ground that it constituted a lesser

included offense of the charged crime, third degree felony aggravated assault. Sanislo objected, arguing that class A misdemeanor assault did not constitute a lesser included offense of aggravated assault but that class B misdemeanor assault did constitute a lesser included offense on which the court could instruct the jury. The trial court agreed with the State that class A misdemeanor assault constituted a lesser included offense of aggravated assault. But it also agreed with Sanislo that class B misdemeanor assault constituted a lesser included offense of aggravated assault.

¶3      Sanislo did not want to confuse the jury by instructing on two lesser included offenses. Accordingly, subject to his objection, Sanislo suggested, "[I]f we're going to include [a lesser included instruction,] we should probably just . . . have it be the [class] A." Unfortunately, neither the State nor Sanislo had an accurate instruction on class A misdemeanor assault at the ready. To move things along, Sanislo agreed that the jury could be instructed on class B misdemeanor assault as a lesser included offense with the understanding that if the jury convicted on class B misdemeanor assault "it's a [class] A not a [class] B." Importantly, Sanislo's objection preserved his right to challenge the trial court's ruling that class A misdemeanor assault constitutes a lesser included offense of aggravated assault. Sanislo now challenges that ruling.

¶4      On appeal, Sanislo contends that the trial court erred in ruling that class A misdemeanor assault constitutes a lesser included offense of aggravated assault. Specifically, he argues that class A misdemeanor assault does not constitute a lesser included offense of aggravated assault, because it requires proof of substantial bodily injury. Sanislo maintains that substantial bodily injury constitutes an additional element, one not necessarily included in the elements of aggravated assault.

¶5      A trial court's decision "to grant a lesser included offense instruction is a question of law, which we review for

correctness." *State v. Reece*, 2015 UT 45, ¶ 16, 349 P.3d 712 (citation and internal quotation marks omitted).

¶6    Under Utah law, one offense constitutes a lesser included offense of another if "[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Utah Code Ann. § 76-1-402(3)(a) (LexisNexis 2008). Two standards govern whether a trial court may give a lesser included instruction. *See State v. Baker*, 671 P.2d 152, 154 (Utah 1983). One standard applies to defense-requested instructions. *See id.* at 156–58. That standard, the "evidence-based" standard, allows the defense to request a lesser included instruction "*if any* reasonable view of the evidence would *support such a verdict*." *Id.* at 154 (citation and internal quotation marks omitted); *see also id.* at 157–58. The other standard, and the standard relevant here, applies to State-requested lesser included instructions. *See id.* at 155, 156. That standard, the "necessarily included offense" standard, allows for a State-requested lesser included instruction if "both the legal elements and the actual evidence or inferences needed to demonstrate those elements must *necessarily be included* within the original charged offense." *Id.* at 156. This standard "relies upon a comparison of the abstract *statutory* elements." *Id.* at 154. Therefore, "the relationship between a lesser included offense and the charged offense will generally be such that the greater cannot be committed without committing the lesser." *State v. Houskeeper*, 2002 UT 118, ¶ 13, 62 P.3d 444. Finally, a "trial court may properly give a [State-requested] lesser included offense instruction, even over a defendant's objection, if there is clearly no risk that the defendant will be prejudiced by lack of notice and preparation so as to deprive him of a full and fair opportunity to defend himself." *Id.* ¶ 15 (citation and internal quotation marks omitted).

¶7    In this case, Sanislo was charged with third degree aggravated assault. The relevant elements of third degree aggravated assault required the State to prove that Sanislo

committed assault as defined in Utah Code section 76-5-102, and that he used force likely to produce death or serious injury:[1]

> A person commits aggravated assault if the person commits assault as defined in Section 76-5-102 and uses: (a) a dangerous weapon . . . ; or (b) other means or force likely to produce death or serious bodily injury.

Utah Code Ann. § 76-5-103(1) (LexisNexis Supp. 2011).[2] Under the plain language of the aggravated assault statute, aggravated assault cannot be committed without necessarily having committed "assault as defined in Section 76-5-102." *Id.* Section 76-5-102 defines, in relevant part, the offense of assault:

> (1) Assault is: . . . (c) an act, committed with unlawful force or violence, that causes bodily injury to another . . . .
> (2) Assault is a class B misdemeanor.
> (3) Assault is a class A misdemeanor if: (a) the person causes substantial bodily injury to another . . . .

---

1. No one contends that Sanislo used a dangerous weapon.

2. Section 76-5-103 has been amended since the time of the events relevant to this appeal. *Compare* Utah Code Ann. § 76-5-103 (LexisNexis Supp. 2011), *with id.* § 76-5-103 (2015). Though it may go without saying, we "apply the law in effect at the time" of the incident in question. *State v. Clark*, 2011 UT 23, ¶ 11, 251 P.3d 829 (citation and internal quotation marks omitted). Accordingly, throughout this opinion, we apply the version of the Utah Code in effect at the time of the charged incident.

*Id.* § 76-5-102 (LexisNexis 2008).[3]

¶8      Sanislo argues, "From the plain language and structure of section 76-5-102, it is evident that the definition of assault is exclusively contained in subsection (1)." He continues that "[s]ubsection (3)(a) merely enhances assault, which is a class B misdemeanor, to a class A misdemeanor if it results in 'substantial bodily injury.'" He concludes that "[s]ubsection (3)(a) does not define assault," and that our precedent has "recognized that subsection (1) defines assault and subsection (3)(a) is merely an enhancement provision." We disagree.

¶9      First, Sanislo's preferred interpretation of the statute ignores the statute's plain language. "Under our rules of statutory construction, we look first to the statute's plain language to determine its meaning." *Sindt v. Retirement Bd.*, 2007 UT 16, ¶ 8, 157 P.3d 797 (citation and internal quotation marks omitted). The aggravated assault statute is straightforward. It states that a person commits aggravated assault if the person, among other requirements, "commits assault as defined in Section 76-5-102." Utah Code Ann. § 76-5-103(1) (LexisNexis Supp. 2011). The plain language of the aggravated assault statute incorporates section 76-5-102 *in its entirety*, and therefore any variation of assault defined in that section satisfies the first element of the aggravated assault statute.

¶10      Section 76-5-102 defines at least five different variations of assault. Subsection 102(1) states what "Assault is" and lists three separate definitions. One of these definitions defines assault as an unlawful act that causes bodily injury. *Id.* § 76-5-102(1)(c)

---

3. Section 76-5-102 has also been amended since the time of the events relevant to this appeal. *Compare* Utah Code Ann. § 76-5-102 (LexisNexis 2008), *with id.* § 76-5-102 (2012). We apply the version of the Utah Code in effect at the time of the charged incident. *See Clark*, 2011 UT 23, ¶ 11.

(LexisNexis 2008). Subsection 102(2) classifies this variant of assault as a class B misdemeanor. *Id.* § 76-5-102(2). Subsection 102(3) also states what "Assault is" and lists two additional definitions. One of these defines assault as an unlawful act that causes substantial bodily injury to another. *Id.* § 76-5-102(3)(a). Subsection 102(3) classifies this variant of assault as a class A misdemeanor. *Id.* § 76-5-102(3). In other words, section 76-5-102 outlines at least five variations of assault, any one of which, if proven beyond a reasonable doubt, satisfies the first element of the aggravated assault statute. *See id.* § 76-5-103 (Supp. 2011).

¶11 Second, Sanislo's preferred interpretation of the statute would yield an absurd result. Believing that our legislature would not have intended such results, "we prefer the reading that avoids absurd results." *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 26, 267 P.3d 863 (citation and internal quotation marks omitted). Sanislo would have us construe the aggravated assault statute's first element as including only assaults defined in section 76-5-102(1). Under this reading, a person who used lethal force to commit an assault resulting in no bodily injury, *see* Utah Code Ann. § 76-5-102(1)(a), (b) (LexisNexis 2008), would be guilty of aggravated assault, *see id.* § 76-5-103(1)(b) (Supp. 2011), but a person who used lethal force to commit an assault resulting in substantial bodily injury, *see id.* § 76-5-102(3)(a) (LexisNexis 2008), would not, *see id.* § 76-5-103(1)(b) (Supp. 2011). We do not believe our legislature intended this result.

¶12 Finally, none of the precedents Sanislo cites affect the outcome of the case before us. Sanislo cites *State v. Labrum*, 2014 UT App 5, 318 P.3d 1151; *State v. White*, 2011 UT App 162, 258 P.3d 594; and *Salt Lake City v. Newman*, 2005 UT App 191, 113 P.3d 1007, all for the proposition that "'substantial bodily injury' is merely an enhancing element [that] . . . is not part of the definition of assault," and therefore, it does not constitute a lesser included offense of aggravated assault. But none of these cases require Sanislo's interpretation of the assault statute. True,

they refer to the element contained in class A misdemeanor assault—and not in class B misdemeanor assault—as an "enhancement." But the fact that an additional element may be called an "enhancement" does not mean that it plays no part in defining the crime.

¶13    The legislature defines crimes in Utah, and it does so by specifying their elements. *See State v. Drej*, 2010 UT 35, ¶ 23, 233 P.3d 476 ("Legislatures are free to declare what constitutes an offense against society and to define the elements that constitute such an offense." (citation and internal quotation marks omitted)); *see also State v. Palmer*, 2009 UT 55, ¶ 13, 220 P.3d 1198 ("[I]t is the role of the legislature to choose the elements that define their crimes." (citation and internal quotation marks omitted)). That those elements may, in some contexts, be termed "enhancements" does not alter their status as elements. *Cf. State v. Lopes*, 1999 UT 24, ¶ 12, 980 P.2d 191 (explaining that while the State need not separately charge an enhancement as a crime, it still must prove each element of the crime, including the facts supporting the enhancement, beyond a reasonable doubt).

¶14    In sum, we conclude that a person committing any variation of assault as defined in section 76-5-102 commits an act that satisfies the first element of the aggravated assault statute. Thus, one cannot commit the greater offense of aggravated assault without first having committed one of the lesser defined variations of assault. Accordingly, we hold that class A misdemeanor assault constitutes a lesser included offense of aggravated assault.[4]

---

4. We understand that Sanislo's argument makes intuitive sense. An assault hierarchy might be constructed with class B misdemeanor assault as the basic crime, enhanceable to class A misdemeanor assault by infliction of substantial bodily injury, to a third degree felony by use of a dangerous weapon or lethal

(continued…)

¶15    However, our inquiry does not end there. A "trial court may properly give a lesser included offense instruction, even over a defendant's objection, if there is clearly no risk that the defendant will be prejudiced by lack of notice and preparation so as to deprive him of a full and fair opportunity to defend himself." *State v. Houskeeper*, 2002 UT 118, ¶ 15, 62 P.3d 444 (citation and internal quotation marks omitted). Thus, Sanislo argues that the trial court erred in agreeing to give the State-requested lesser included class A misdemeanor assault instruction because it deprived him of notice that he would need to defend "against the allegation that his use of unlawful force or violence actually caused [the victim] substantial bodily injury." We do not agree.

¶16    The information in this case provided notice of the crime with which Sanislo was charged, aggravated assault, and it quoted the aggravated assault statute. As explained, the plain language of the aggravated assault statute incorporates the entirety of the assault statute and every variation of assault contained therein. Thus, upon review of the charging document,

---

(…continued)

force, and to a second degree felony with infliction of serious bodily injury. Under this conceptualization of assault, third degree felony assault would not subsume class A misdemeanor assault. The current version of the aggravated assault statute, which does not apply to the present case, constructs the assault hierarchy more along these lines. *See* Utah Code Ann. § 76-5-103 (LexisNexis Supp. 2015). But as we have explained, the earlier version of the assault statute applicable to this case takes a different approach. In any event, under any statutory scheme including multiple lesser included offenses, State-requested lesser included offense instructions may be given only where the defendant received adequate notice of the instructed offense as explained in this decision.

Sanislo had notice that he would have to defend against any variation of assault that the evidence might support.

¶17 In addition, not only did Sanislo have notice of the legal elements he would have to defend against, he had notice of the alleged facts in the case—facts that if proven could establish substantial bodily injury. First, the charging document put Sanislo on notice of the following alleged facts: that when the arresting officer arrived he found the victim "lying on the ground going in and out of consciousness"; that the victim had "multiple areas on his face that had clearly been struck"; that the victim "was bleeding from several" areas on his face; that the victim's face showed bruising and swelling; that the victim "was transported to the hospital for medical treatment"; that a witness saw Sanislo punch the victim in the face; and that when the victim tried to get up, Sanislo punched him in the back of the head, then kicked him multiple times in the head and ribs while the victim appeared to be unconscious.

¶18 Second, the preliminary hearing put Sanislo on notice of the following facts: that on the night in question the last thing the victim remembered was leaving a bar downtown, then waking up, "sitting on the floor, beat up"; that the victim noticed blood on his shirt; that the victim felt like his nose was broken, that his head felt numb, and that he felt disoriented; that the victim had a cut on his chin, a broken tooth, a broken nose, a black eye, a bloody eye, and "bumps all over [his] head"; that a valet for the bar witnessed Sanislo punch the victim in the back of the head, knocking him down; that when the victim tried to stand up, Sanislo hit him and knocked him down again and then repeatedly kicked the victim; that EMTs had to provide the victim with medical care because "he was bleeding pretty badly"; and that the victim had scheduled surgery for his broken nose.

¶19 No reasonable person aware of these facts and the charged offenses could have been surprised that the prosecution

sought a jury instruction on the lesser included offense of assault causing substantial bodily injury. Indeed, in discussing the propriety of a lesser included instruction, Sanislo's trial counsel acknowledged, "I don't know that I could argue . . . in good faith, that there was not . . . substantial bodily injury." Accordingly, Sanislo "had a full and fair opportunity to defend against [it]." *Houskeeper*, 2002 UT 118, ¶ 16.

¶20    In sum, we conclude that class A misdemeanor assault constitutes a lesser included offense of aggravated assault—at least as aggravated assault was defined at the time of the incident relevant to this appeal—and the trial court did not err in so ruling. In addition, we reject the notion that Sanislo had no notice that substantial bodily injury would be an issue in the case. We accordingly affirm.

————————